# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DENNIS D. HOKE, JR. and DENISE A. HOWARD, | |
| Plaintiffs, | Case No. 22-CV-1346-JPS |
| v. | |
| DEEDRA A. JOHNSON, | **ORDER** |
| Defendant. | |

On November 14, 2022, Plaintiffs Dennis D. Hoke, Jr. ("Hoke") and Denise A. Howard ("Howard") (together, "Plaintiffs"), proceeding pro se, filed a complaint alleging a variety of federal and state law claims against their former landlord, Deedra A. Johnson ("Johnson"). ECF No. 1. Hoke and Howard also each filed a motion to proceed without prepayment of the filing fee. ECF Nos. 2, 3. In order to allow Hoke and Howard to proceed without paying the filing fee, the Court must first decide whether Hoke and Howard have the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). Upon screening a plaintiff's case, the Court must dismiss the case if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Order addresses Hoke's and Howard's motions for leave to proceed without prepaying the filing fee and screens their case.

1.      **MOTIONS TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may file a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion

to proceed in forma pauperis. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a). In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972).

In his motion, Hoke avers that he is unemployed and unmarried. ECF No. 3 at 1. He has no monthly wages or salary. *Id.* at 2. He writes that he pays rent each month but does not note the amount. *Id.* He does not own a car, a home, or any cash or checking, savings, or other similar account. *Id.* at 3. He states that he is currently seeking employment. *Id.* at 4.

In her motion, Howard avers that she is unemployed and unmarried. ECF No. 2 at 1. She has no monthly wages or salary but spends $400 per month on household expenses. *Id.* at 2. She also pays $185 per month for storage units. *Id.* at 3. She owns a car valued at approximately $500, and has $200 in cash or checking, savings, or other similar accounts. *Id.* She explains that she was terminated from her prior employment with

PetSmart due to the COVID-19 pandemic, and is currently seeking social security benefits. *Id.* at 4.

On these representations, the Court accepts that Hoke and Howard are indigent and will grant their motions to proceed without prepayment of the filing fee. However, the inquiry does not end there; the Court must also screen the action.

## 2. SCREENING STANDARDS

A court may screen a pro se complaint prior to service on defendants to determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims on which relief can be granted. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 Fed. Appx. 356, 357 (7th Cir. 2008). When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.*

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Page 3 of 19
Case 2:22-cv-01346-JPS   Filed 12/19/22   Page 3 of 19   Document 9

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3.   **RELEVANT ALLEGATIONS**

Plaintiffs are both residents of Wisconsin. Plaintiffs' allegations appear to stem from their prior tenancies in an apartment building in Waukesha, Wisconsin (the "Building"). Plaintiffs do not appear to have resided together, but rather as tenants in two separate apartments in the Building. The Court gleans that Plaintiffs' allegations stem from their time residing in the Building between approximately March 3, 2020 and March 31, 2022. ECF No. 1 at 7. Plaintiffs no longer reside in the Building. While residing in the Building, Howard lived with her mother, sister, and pets. *Id.* at 3. Hoke does not plead whether other individuals resided with him in the Building. Plaintiffs contend that Johnson is the owner of the Building and was their landlord. *Id.* at 2. Johnson is a resident of Georgia. *Id.*

First, Plaintiffs allege that, during their time residing in the Building, they suffered "[s]everal raw sewage backups containing the human waste for all four units." *Id.* They notified Johnson of the raw sewage backups, but

Johnson refused to hire a qualified plumber. *Id.* As a result, Plaintiffs had to handle "hazardous, disease, illness contained sewage" for 72 hours. *Id.*

Second, Plaintiffs allege that, during their time residing in the Building, they also suffered "excessive and toxic black mold." *Id.* at 3. Again, they contend that Johnson had knowledge of the mold but "refused to remove or pay to have the mold removed." *Id.* As a result, both Hoke and Howard paid out of pocket for mold testing. *Id.*

Third, Plaintiffs contend that Johnson left the lower level of the Building in "uninhabita[ble], dangerous, and hazardous condition, complete disrepair." *Id.* at 4.

At some point, Plaintiffs appear to have lodged a complaint with the City of Waukesha Community Development Department, *id.*, which, among other duties, "responds to complaints about properties not meeting the City's property maintenance ordinances" and "ensures buildings are built and improved in a code compliant manner."[1] As a result, a case was opened, and Johnson received a notice from an inspector regarding a demonstrated pattern of neglect. *Id.* Plaintiffs also contend that they filed a complaint with the Wisconsin Department of Agriculture, Trade, and Consumer Protection, as well as the Fair Housing Act resource center. *Id.* at 5. They also explain that they have filed a complaint with the U.S. Department of Justice against the City of Waukesha, the City of Waukesha Community Development Department, and the City of Waukesha Public Works Department. *Id.* at 5.

---

[1]City of Waukesha Community Development Department, Duties, *available at* https://www.waukesha-wi.gov/government/departments/community-development.php (last visited Dec. 19, 2022).

Page 5 of 19
Case 2:22-cv-01346-JPS   Filed 12/19/22   Page 5 of 19   Document 9

"In [r]etaliation," Plaintiffs allege that Johnson forced Howard to draft a new lease. *Id.* at 4. Johnson also stopped participating in the Section 8 Housing Choice Voucher Program, which forced a "tenant" (it is not clear whether this allegation refers to Hoke or Howard) to move within 30 days. *Id.* Johnson continued to refuse to repair numerous safety code violations, and also threatened physical harm to Plaintiffs' guests "while intoxicated by alcohol." *Id.*

Plaintiffs raise state law claims under Wis. Admin. Code ATCP § 134.07; Wis. Stat. §§ 704.07, 704.28, 704.45, 704.95; as well as for breach of the implied warranty of habitability, breach of contract, breach of the covenant of quiet enjoyment, retaliation, invasion of privacy, negligence, and nuisance. *Id.* at 6. Plaintiffs also raise a claim under 42 U.S.C. § 1982. Plaintiffs seek $200,000 in damages. *Id.* at 7.

4. **ANALYSIS**

   4.1 **The Court's Jurisdiction**

   To begin, the Court must assuage itself that it has jurisdiction over this action. Generally, federal courts can preside over cases in two situations: (1) where the action "aris[es] under the Constitution, laws, or treaties of the United States," and (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1331, 1332.

   The sole federal claim presented is under 42 U.S.C. § 1982. "A claim under § 1982 . . . require[s] proof of an intent to discriminate." *Watters v. Homeowners' Ass'n at Pres. at Bridgewater*, 48 F.4th 779, 789 (7th Cir. 2022). Thus, "[t]o state a claim under § 1982, [plaintiffs] need[] to allege plausibly that (1) they are racial minorities, (2) the defendants engaged in intentional, race-based discrimination, and (3) the discrimination concerned the

[inheriting, purchase, lease, sale, hold, or conveyance] of property." *Hatch v. City of Milwaukee*, No. 21-2805, 2022 WL 897676, at *2 (7th Cir. Mar. 28, 2022); 42 U.S.C. § 1982. As written, Plaintiffs' complaint does not allege any allegation or suggestion of race-based discrimination.[2] The Court will afford Plaintiffs an opportunity to amend their complaint as to this claim.

If Plaintiffs are unable to state a Section 1982 claim, however, for the Court to have jurisdiction over this case, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs, and [be] between . . . citizens of different States." 28 U.S.C. § 1332. Plaintiffs are citizens of Wisconsin and Johnson is a citizen of Georgia. Plaintiffs seek $200,000 in damages. However, "[t]he general rule is that the claims of multiple litigants cannot be aggregated to reach the jurisdictional amount in controversy." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012).

As pertinent here, aggregation may be permitted in cases where two or more plaintiffs "have a common and undivided interest in a single title or right." *Id.* (citations omitted). Typically, aggregation is permissible under this standard where there is joint ownership of a piece of property or joint rights under a contract, but not where claims arise under separate contracts. *Id.* at 720. As noted, Hoke and Howard do not appear to have resided together, but rather as tenants in two different apartments, with two different leases.

As a result, the Court must satisfy itself that Hoke and Howard independently can each meet the $75,000 threshold for diversity jurisdiction, in the event they are unable to state a Section 1982 claim.

---

[2]Indeed, Plaintiffs do not plead any facts regarding any form of discrimination, which would also preclude any Fair Housing Act claims at this juncture (although none are pleaded).

Assuming they do so, Plaintiffs may still proceed together in the same suit, as their claims arise out of the same conduct by Johnson, and raise questions of common law or fact. *Sims v. Schultz*, No. 03-C-381, 2006 WL 8459640, at *4 (N.D. Ill. Nov. 14, 2006). The Court will afford Hoke and Howard an opportunity to amend their complaint to demonstrate how they each individually meet the $75,000 amount in controversy threshold.

### 4.2 State Law Claims

Assuming Plaintiffs are able to remedy these jurisdictional issues, the Court will address whether they have sufficiently pleaded the elements of their state law claims. If Plaintiffs are unable to establish the Court's jurisdiction, however, the Court will be constrained to dismiss the action without prejudice for Plaintiffs to pursue these claims in state court.

#### 4.2.1 Wis. Admin. Code ATCP § 134.07

Plaintiffs' first claim arises under Wis. Admin. Code ATCP § 134.07. Chapter 134 provides that "[a] person who suffers a monetary loss because of a violation of this chapter may sue the violator directly . . . and may recover twice the amount of the loss, together with costs and reasonable attorneys' fees." Thus, Section 134.07 provides a private right of action. *See McFarland v. Housing Auth. of Racine Cty.*, No. 21-CV-299-JPS, 2022 WL 204624, at *5 (E.D. Wis. Jan. 24, 2022) (citing *Paape v. Grefsheim*, 888 N.W.2d 247 (Table), 2016 WL 5923088 at *3–4 (Wis. Ct. App. 2016)).

Under Section 134.07, "a landlord is required to specify a date or time period within which the improvements are to be completed" and "the landlord must complete the promised repairs within the time represented unless the delay is due to enumerated reasons or other causes beyond his control." *Demarce v. Diesing*, 600 N.W.2d 55 (Table), 1999 WL 540302, at *4 (Wis. Ct. App. 1999). If the delay is due to one of the enumerated reasons

or causes beyond the landlord's control, "[t]he landlord shall give timely notice to the tenant of reasons beyond the landlord's control for any delay in performance, and stating when the cleaning, repairs or improvements will be completed." Wis. Admin. Code ATCP § 134.07.

Plaintiffs do not plead whether Johnson specified a date or time for improvements, or whether (assuming she failed to improve on time), she gave reasons for the delay and a new date. Additionally, Plaintiffs do not explain what precisely was damaged due to Johnson's alleged violation of Section 134.07. *Demarce*, 1999 WL 54032, at *1 (raising Section 134.07 claim for damage to personal property that was damaged when landlord delayed and did not complete repairs of roof). Plaintiffs may amend their complaint to plead the requisite elements of this claim.

### 4.2.2 Wis. Stat. § 704.07, Breach of the Implied Warranty of Habitability, Breach of Contract, and Negligence

The Court next turns to Plaintiffs' claims under Wis. Stat. § 704.07, and for breach of the implied warranty of habitability, breach of contract, and negligence. The Court groups and analyzes these claims together in line with Wisconsin authority.

Wis. Stat. § 704.07 is a codification of the common law breach of the implied warranty of habitability. *Antwaun A. ex rel. Muwonge v. Heritage Mut. Ins. Co.*, 596 N.W.2d 456, 469 (1999). It does not provide a private right of action and appears to be typically raised as a defense to small claims or eviction cases initiated by landlords. *Raymaker v. Am. Fam. Mut. Ins. Co.*, 718 N.W.2d 154, 161–62 (Wis. Ct. App. 2006) (explaining that the landlord-tenant code in Chapter 704 "exists to allocate" duties between landlords and tenants, while the purpose of ATCP Chapter 134 "is enforcing fair trade practices between landlord and tenants"). Thus, the Court must dismiss

with prejudice the Section 704.07 claim. However, this is an academic conclusion, as Plaintiffs have separately pleaded: (1) a Section 134.07 claim, explained above, which allows for a private right of action for the failure to repair; (2) a breach of the implied warranty claim, explained below, which allows for recovery of rent; and (3) a negligence claim, explained below, which addresses their claims that the Building was "unfit to reside in." *Raymaker*, 718 N.W.2d at 161.

As to Plaintiffs' common law claim for breach of the implied warranty of habitability, the Wisconsin Supreme Court has explained that a breach of the implied warranty of habitability claim "is a breach of contract claim for contractual damages"; Wisconsin law does not allow a party "to seek compensatory damages for the violation of the implied warranty of habitability." *Antwaun*, 596 N.W. at 468–69. Instead, compensatory damages are recoverable in negligence. *Id.* The remedy for a breach of the implied warranty of habitability is "the reasonable rental value of the premises during the actual occupancy." *Pines v. Perssion*, 111 N.W.2d 409, 597 (Wis. 1961).

Thus, to proceed on a claim for breach of the implied warranty of habitability, Plaintiffs must be in privity of contract with Johnson; that is, they must be tenants under a lease contract with Johnson. *Id.* Plaintiffs' complaint contains explicit allegations that Howard was in a lease with Johnson, but does not do so as to Hoke. Plaintiffs may amend their complaint to explicitly plead the privity of contract element as to both Howard and Hoke, which may also assist the Court in considering the amount of controversy issue explained above.

To proceed on a breach of contract claim in addition to a breach of the implied warranty of habitability claim, the lease must provide a remedy

separate from the remedy allowed by the breach of the implied warranty of habitability claim; that is, recovery of rent. *Cf. Raymaker*, 718 N.W.2d at 407; Plaintiffs do not plead that the lease(s) include a separate remedy. To the extent Plaintiffs wish to pursue a breach of contract claim for additional contractual damages other than lost rent (which is covered by the breach of the implied warranty of habitability claim), or in the alternative to the breach of the implied warranty of habitability claim, they must plead what provision of the lease(s) provides such a remedy. Plaintiffs may amend their complaint to do so.

Through their negligence claim, as explained, Plaintiffs may seek compensatory damages for personal injuries due to the Building being unfit for residence. "As with any negligence claim," a negligence claim by a tenant against a landlord requires a showing of "(1) [a] duty of care on the part of the defendant; (2) a breach of that duty; (3) a causal connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury." *Antwuan*, 596 N.W.2d at 461. Under Wisconsin law, "all persons have a duty of reasonable care to refrain from those acts that unreasonably threaten the safety of others"; the duty arises "when it can be said that it was foreseeable that [the actor's] act or omission to act may cause harm to someone." *Id.* (citations omitted). The foreseeability test in the landlord-tenant context is "nothing more than a specific application of the general duty a landlord has to use ordinary care under the circumstances to avoid exposing persons lawfully on the property from an unreasonable risk of harm." *Id.* The landlord "ordinary care" test, as applied to this case, inquires "whether the landlord knew or in the use of ordinary care should have known" about the raw sewage backups, toxic black mold, and

hazardous lower level. *Id.* Here, Plaintiffs have pleaded knowledge on the part of Johnson. Thus, they have met the first element.

They have also pleaded that Johnson failed to repair the raw sewage backups, toxic black mold, and hazardous lower level despite having knowledge. This satisfies the second element. As to the third and fourth elements, Plaintiffs plead that they had to handle raw sewage and pay out of pocket for mold testing, but do not otherwise plead any injury or damage as a result of Johnson's alleged breach. Plaintiffs may amend their complaint on the third and fourth elements of their negligence claim, taking care to provide sufficient detail for the Court to fully understand the scope of the injuries they allege—whether medical, financial, or otherwise.

#### 4.2.3  Wis. Stat. § 704.45 and Retaliation

Plaintiffs plead claims under Wis. Stat. § 704.45 and for common law retaliation. As with their other Chapter 704 claims, Section 704.45 does not provide a right of action; instead, it appears to be a defense raised in small claims or eviction proceedings. *See, e.g.*, *H&J Props., LLC v. Mark*, 978 N.W.2d 398 (Table), 2022 WL 2062941, at *1 (Wis. Ct. App. June 8, 2022); *Lincoln Manor Redevelopment, LLC v. Combs*, 968 N.W.2d 866 (Table), 2021 WL 5226417, at *5 (Wis. Ct. App. Nov. 10, 2021). However, ATCP Chapter 134 also contains a retaliation section, which does provide a private right of action. *Paape*, 2016 WL 5923088, at *3–4. The Court will interpret Plaintiffs' claim under that provision instead and will dismiss with prejudice Plaintiffs' Wis. Stat. § 704.45 claim.

Section 134.09(5) provides that

> No landlord shall terminate a tenancy or give notice preventing the automatic renewal of a lease, or constructively evict a tenant by any means including the termination or substantial reduction of heat, water or electricity to the

Page 12 of 19
Case 2:22-cv-01346-JPS   Filed 12/19/22   Page 12 of 19   Document 9

> dwelling unit, in retaliation against a tenant because the tenant has:
>> (a) Reported a violation of this chapter or a building or housing code to any governmental authority, or filed suit alleging such violation; or
>> (b) Joined or attempted to organize a tenant's union or association; or
>> (c) Asserted, or attempted to assert any right specifically accorded to tenants under state or local law.

Wis. Admin. Code ATCP § 134.09(5). At the screening stage, Howard has sufficiently pleaded this claim. Plaintiffs raise other allegations regarding retaliation, but it is not readily apparent from the complaint as drafted whether these allegations apply to Howard, Hoke, or both. Plaintiffs may amend their complaint to include allegations specific to Hoke in support of this claim, or otherwise provide clarity as to who was affected.

The Court has not located any Wisconsin authority supporting a common law landlord-tenant retaliation claim outside the context of Section 134.09(5). Thus, the common law retaliation claim will be dismissed without prejudice. This is an academic conclusion (as is the dismissal of the Wis. Stat. § 704.45 claim), however, given that Plaintiffs may pursue the retaliation claim through Section 134.09(5).

### 4.2.4   Wis. Stat. §§ 704.28 and 704.95

The Court next addresses Plaintiffs' claim under Wis. Stat. § 704.28. Section 704.28 deals with when and under what conditions a landlord may withhold all or part of a tenant's security deposit. Plaintiffs have not pleaded any facts involving their security deposits.

Similarly, as to Plaintiffs' claim under Wis. Stat. § 704.95, Section 704.95 provides that violations of Section 704.28 may constitute unfair trade

Page 13 of 19
Case 2:22-cv-01346-JPS   Filed 12/19/22   Page 13 of 19   Document 9

practices, but that the Department of Agriculture, Trade, and Consumer Protection "may not issue an order or promulgate a rule . . . that changes any right or duty under this chapter." The law in Wisconsin is unsettled as to whether the pertinent provision from the Department of Agriculture, Trade, and Consumer Protection—Wis. Admin. Code ATCP § 134.06— changes any right or duty arising under Chapter 704. *See Wenger v. Swaine*, 913 N.W.2d 515 (Table), 2018 WL 770613, at *2 (Wis. Ct. App. 2018) (citing Wis. Admin. Code ATCP § 134.06).

In other words, as with the other Chapter 704 provisions addressed in this Order, Section 704.95 does not provide a private right of action; rather, as pertinent to security deposits, Wis. Admin. Code ATCP § 134.06 does. Plaintiffs may amend their complaint to plead a claim under Wis. Admin. Code ATCP § 134.06, which provides the conditions for acceptance and return of a security deposit. As this is the correct cause of action for any claim regarding security deposits, the Court will dismiss with prejudice the Wis. Stat. §§ 704.28 and 704.95 claims.

### 4.2.5    Breach of the Covenant of Quiet Enjoyment

Plaintiffs plead a claim for breach of the covenant of quiet enjoyment. In Wisconsin, "[a] constructive eviction constitutes a breach of the covenant for quiet enjoyment." *First Wis. Tr. Co. v. L. Wiemann Co.*, 286 N.W.2d 360, 364 (Wis. 1980). "Any act of the landlord . . . which so disturbs the tenant's enjoyment of the premises or so interferes with his possession of the premises as to render them unfit for occupancy for the purposes for which they are leased, is an eviction, and whenever it takes place, the tenant is released from the obligation under the lease to pay rent accruing thereafter." *Id.* at 364–65. Further, "[a] mere slight temporary inconvenience to the tenant does not justify him in throwing up his lease. A trivial breach

is not sufficient, but the breach must be substantial and of such duration that it can be said that the tenant has been deprived of the full use and enjoyment of the leased property for a material period of time." *Id.*

Plaintiffs have pleaded interference with their possession of the propert(ies) through Johnson's failure to correct the raw sewage, toxic black mold, and hazardous lower-level issues. However, at least as to the raw sewage issue, they plead that the issue only lasted 72 hours, and do not include allegations regarding the severity of the issue. As to the other two issues, Plaintiffs do not allege either the duration or the severity. Plaintiffs may amend their complaint to include sufficient detail as to the duration and severity of these issues such that they are able to state a claim for breach of the covenant of quiet enjoyment.

### 4.2.6 Invasion of Privacy Claim

Next, the Court turns to Plaintiffs' claim for invasion of privacy. "Four types of invasion of privacy are actionable in a civil suit in Wisconsin":

> 1. Intrusion upon the privacy of another of a nature highly offensive to a reasonable person . . . in a place that a reasonable person would consider private, or in a manner that is actionable for trespass.
> 2. The use, for advertising purposes or for purposes of trade, of the name, portrait or picture of any living person, without having first obtained the written consent of the person or, if the person is a minor, of his or her parent or guardian.
> 3. Publicity given to a matter concerning the private life of another, of a kind highly offensive to a reasonable person, if the defendant has acted either unreasonably or recklessly as to whether there was a legitimate public interest in the matter involved, or with actual knowledge that none existed. It is not an invasion of privacy to communicate any information available to the public as a matter of public record.

Page 15 of 19
Case 2:22-cv-01346-JPS    Filed 12/19/22    Page 15 of 19    Document 9

> 4. Conduct that is prohibited under s. 942.09, regardless of whether there has been a criminal action related to the conduct, and regardless of the outcome of the criminal action, if there has been a criminal action related to the conduct.

*Int. of E.K.*, 2022 WL 4242054 (Table), at *7 (Wis. Ct. App. Sept. 15, 2022). Assuming that Plaintiffs allege that Johnson invaded their privacy when she threatened their guests while intoxicated, their claim most closely fits within the first type of invasion of privacy.

Wis. Stat. § 995.50(3), which codifies the four types of invasion of privacy, provides that they shall be interpreted in accordance with "the developing common law of privacy." *Id.* at *8. The common law of privacy, as to the first codified type, explains that an invasion of privacy is an "unreasonable intrusion upon the seclusion of another," which is further described as "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his [or her] private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Id.* at *9.

At the screening stage, Plaintiffs have sufficiently stated this claim. However, with the legal standard in mind, they may amend their complaint to add more detail as to this claim.

### 4.2.7 Nuisance

Finally, Plaintiffs plead a claim for nuisance. Under Wisconsin law, a nuisance may be public or private, which is determined "by the nature of the interest invaded." *Milwaukee Metro. Sewerage Dist. v. City of Milwaukee*, 691 N.W.2d 658, 669 (Wis. 2005). "The essence of a private nuisance is the use and enjoyment of land," which is "broadly defined." *Id.* One may be subject to liability for private nuisance if (1) "his conduct is a legal cause of

an invasion of another's interest in the private use and enjoyment of land," and (2) the invasion is either "intentional and unreasonable" or "unintentional and otherwise actionable under the rules controlling liability for negligent . . . conduct." *Id.* at 671. A failure to act that results in a nuisance may still result in liability. *Id.*

At the pleadings stage, Howard has sufficiently pleaded this claim, as the complaint includes allegations that she had a lease with Johnson, as well as allegations regarding Johnson's conduct—or lack thereof—that interfered with her enjoyment of the property.[3] As previously explained in this Order, the complaint lacks allegations specific to Hoke and whether he also had his own lease with Johnson. Plaintiffs may amend their complaint on this point and, with the legal standard in mind, may add additional detail as to this claim.

5.  **CONCLUSION**

For the reasons stated herein, Hoke's and Howard's motions for leave to proceed in forma pauperis are granted, and they are granted leave to amend their complaint. If Plaintiffs elect to file an amended complaint it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

The Court's primary consideration in screening the amended complaint will be to ensure that it has jurisdiction over this action, in light of the jurisdictional deficiencies identified in this Order.

---

[3]Leased property may provide the "property right and privilege" in the use and enjoyment of land required to bring a private nuisance claim. *Milwaukee Metro. Sewage Dist.*, 691 N.W.2d at 669; *see generally Mose v. Tedco Equities—Potter Road Ltd. P'ship*, 598 N.W.2d 594 (Wis. Ct. App. 1999).

Any amended complaint must be filed on or before **January 20, 2023.** Failure to file an amended complaint within this time period will result in dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form and instructions. Plaintiffs should use the spaces on pages two and three to allege the key facts that give rise to the claims they wish to bring. If the space is not enough, Plaintiffs may use up to five additional sheets of paper.

Plaintiffs are advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). In other words, a piecemeal amendment is not permitted. If Plaintiffs wish to file an amended complaint, they must include *all* of the allegations and claims (including those from the original complaint) that they wish to make, in a single filing without reference to other documents.

Accordingly,

**IT IS ORDERED** that Plaintiff Denise A. Howard's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Dennis D. Hoke, Jr.'s motion for leave to proceed in forma pauperis, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **January 20, 2023**, Plaintiffs Denise A. Howard and Dennis D. Hoke, Jr. submit an amended complaint using the provided form and in accordance with the instructions provided herein;

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiffs Denise A. Howard and Dennis D. Hoke, Jr. a blank amended complaint form and a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that Plaintiffs Denise A. Howard and Dennis D. Hoke, Jr.'s claims under Wis. Stat. §§ 704.07, 704.28, 704.45, and 704.95 be and the same are hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiffs Denise A. Howard and Dennis D. Hoke, Jr.'s common law retaliation claim be and the same is hereby **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge